**Barry Lee FAIRCHILD, Appellee,**

v.

**Larry NORRIS, Acting Director, Arkansas Department of Correction, Appellant.**

No. 93–3325.

United States Court of Appeals, Eighth Circuit.

March 27, 1995.

Perlesta Arthur Hollingsworth, Hollingsworth Law Firm, Little Rock, AR, Richard H. Burr, Theodore M. Shaw, Elaine R. Jones, Steven Wayne Hawkins, NAACP Legal Defense Fund, New York City, and Charles W. Baker, Herbert C. Rule, III and Barry Lee Fairchild, Rose Law Firm, Little Rock, AR, for appellee.

Olan Warren Reeves, Jackie Ward Gillean and Pamela Rumpz, Atty. General's Office, Little Rock, AR, for appellant.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

## ORDER

This case is once again before us on two motions filed by the appellee, Barry Lee Fairchild: a Motion to Hold or Recall the Mandate and Grant Rehearing, and an Extraordinary Motion for Oral Argument on the first motion.

The Motion for Oral Argument is denied. We believe the issue is clear. Oral argument is unnecessary.

Our opinion reversing the judgment of the District Court and remanding the cause with directions to dismiss Fairchild's petition for habeas corpus was filed on April 8, 1994. *Fairchild v. Norris,* 21 F.3d 799 (8th Cir. 1994). The Supreme Court denied certiorari on February 21, 1995. —— U.S. ——, 115 S.Ct. 1092, 130 L.Ed.2d 1061. Our mandate has not yet issued. We therefore treat appellee's pending motion as requesting that the mandate be held and rehearing be granted.

The ground of the motion is that the standard applied in our opinion is inconsistent with the Supreme Court's opinion in *Schlup v. Delo,* —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Appellee argues that the standard we applied—whether he proved by clear and convincing evidence that, but for a constitutional error, no reasonable juror could have found him eligible for the death penalty—is inconsistent with *Schlup.* We agree. The proper standard, as *Schlup* has now made clear, is not whether the evidence was legally sufficient, but whether any "reasonable juror would have found the defendant guilty." *Schlup,* —— U.S. at ——, 115 S.Ct. at 869. Under this standard, a petitioner must show that it is more likely than not that, but for the constitutional error claimed, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at ——, 115 S.Ct. at 868. Or, as Justice O'Connor's concurrence puts it, petitioner cannot get through the actual-innocence procedural gateway if "it [is] more likely than not that there is any juror who, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt." *Id.* at ——, 115 S.Ct. at 870.

It is our duty to apply the standard thus explained to the current case. We have reconsidered the record in the light of the new standard, and we hold that petitioner does not meet it. On the facts as summarized in our opinion, it is impossible for us to say that no reasonable juror would have convicted petitioner of capital murder. We hold, in other words, that at least one juror, acting

reasonably and properly instructed, would have found that petitioner was a major participant in the felonies and acted with reckless indifference to human life.

Accordingly, the Motion for Recall of Mandate and for Rehearing is denied. The Clerk is directed to issue the mandate forthwith.

It is so ordered.